# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FILED
NOV - 5 2018
Clerk, U.S. District and Bankruptcy Courts

Vanessa Holloway, )
              Plaintiff, )
              v. ) Civil Action No. 18-2193 (UNA)
Howard University *et al*., )
              Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

This action is yet another iteration of plaintiff's previously dismissed cases, which sought as "the primary relief . . . the award of her doctorate degree" in history from Howard University. *Holloway v. Howard Univ.*, 206 F. Supp. 3d 446, 449 (D.D.C. 2016) (Civ. Action No. 15-1726 (ABJ)); *see Holloway v. Howard Univ.*, 707 Fed. App'x 11 (D.C. Cir. 2017) ("Appellant provides no reason to question the district court's conclusion that her current and previous cases share the same nucleus of facts."), *aff'g* No. 17-cv-1470 (D.D.C. filed Aug. 28, 2017) (adopting prior *res judicata* finding). The individual defendants in this case, Professors Daryl Scott and Edna Medford, were also sued in the prior cases. *See* case captions in *Holloway*, No. 17-cv-1470, and *Holloway*, No. 15-cv-1726.

Plaintiff now alleges that she discovered on August 15, 2018, when she "logged into [her] National Student Loan Data System . . . account," that her enrollment status at Howard was "withdrawn, effective 05/05/2010." Compl. at 1. Plaintiff claims "[t]here is no way" the "account would read a withdrawn status without it being reported to the Registrar's Office and with my signature." *Id.* at 3. Allegedly, plaintiff contacted the D.C. Office of the Attorney General to pursue criminal charges of forgery against Professors Scott and Medford but was told that she must first "obtain a copy of the [forged] withdrawal form," which she had not received when she drafted the instant complaint. *Id.* at 2-3. Regardless, plaintiff alleges that Professors Scott and Medford "falsely reported" her "enrollment status as 'Withdrawn,' forged [her] signature on a university withdrawal form, and then submitted it to the Registrar's Office." *Id.* at 3. Plaintiff seeks $400,000 for "pain and suffering," her "official transcript," and her "degree in history."

The complaint neither presents a federal question nor satisfies the citizenship requirement of diversity jurisdiction. It is a "well-established rule" that the diverse citizenship requirement

2

be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Therefore, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004). And an " 'allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction.' " *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). Plaintiff has not alleged her citizenship or that of the defendants; therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

Date: October 23, 2018